IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| B.A.S.S. & M., INC., | ) | No. 24 B 15381 |
| | ) | Chicago, Illinois |
| | ) | 10:00 a.m. |
| Debtor. | ) | January 13, 2026 |

TRANSCRIPT OF PROCEEDINGS BEFORE THE
HONORABLE DONALD R. CASSLING

APPEARANCES:

Chapter 7 Trustee: Ms. Ariane Holtschlag;

For the City of Chicago: Mr. David Holtkamp;

For Swedlana Dass and Suzie Wilson: Mr. Paul Bach;

Court Reporter: Amy Doolin, CSR, RPR
D&E Reporting
D.and.e.reporting@gmail.com.
312/986-1920

THE CLERK: B.A.S.S. & M., Inc.

MS. HOLTSCHLAG: Good morning, Your Honor. Ariane Holtschlag, the case trustee.

THE COURT: Good morning.

MR. BACH: Good morning, Your Honor. Paul Bach on behalf of Suzie Wilson and Swedlana Dass.

THE COURT: Good morning.

MR. HOLTKAMP: Good morning, Your Honor. David Holtkamp for the City of Chicago.

THE COURT: Good morning.

All right. I've reviewed all of the briefs, including the two supplements filed late last night.

Does either side have any additional issues that have not been included in the briefs, because I have reviewed them?

MS. HOLTSCHLAG: Not from me, Your Honor.

THE COURT: Okay.

MR. BACH: And not from me.

THE COURT: Okay.

MR. HOLTKAMP: Well, Your Honor, I'm sorry to pass up the time to talk, but if you've read everything, then not from me either.

THE COURT: Okay.

All right. This will be my ruling in the case:

Ms. Dass and Ms. Wilson seek to stay the court's order dated December 16, 2025. That order granted derivative standing to the trustee, the City of Chicago, and Nine Left Capital Master Fund, LP, to investigate and prosecute avoidance actions and related claims under Sections 541-545 and 547-550 of the Bankruptcy Code pending appeal.

The City of Chicago filed a response, and Ms. Dass and Ms. Wilson filed a reply.

Late last night, both parties filed supplements to their earlier briefs, and the supplements addressed only the standing issue.

Federal Rule of Bankruptcy Procedure 8007(a)(1) states that "ordinarily, a party must move first in the bankruptcy court for the following relief: (A) a stay of the bankruptcy court's judgment order or decree pending appeal."

The motion filed by Ms. Dass and Ms. Wilson does comply with this requirement. "The standard for granting a stay pending appeal mirrors that for granting a preliminary injunction." In re:

A & F Enterprises, Inc., Illinois, 742 F.3d 763, at 766.

To determine whether to grant a stay, courts consider the moving party's likelihood of success on the merits, any irreparable harm that will result to each side if the stay is either granted or denied in error and whether the public interest favors one side or the other. Id.

A sliding-scale approach applies; that is, the greater the moving party's likelihood of success on the merits, the less heavily the balance of harms must weigh in its favor and vice versa. Id.

But, first, the court will address the City’s argument that Ms. Dass and Ms. Wilson lack standing to bring this motion.

First of all, the court does agree with the City that Ms. Dass and Ms. Wilson have no likelihood of sharing in any distribution from the estate because their equity interests would come behind the interests of unsecured and other creditors, and the court is of the opinion that there is absolutely no likelihood that unsecured creditors in this case will be paid in full.

Therefore, the court concludes that

they lack standing as equity holders to file their appeal under the authority cited by the City in support of its argument.

For the first time in its reply, Ms. Dass and Ms. Wilson now argue that their standing does not arise from their status as equity holders; it instead arises from their role as potential defendants in avoidance actions to be brought by the City and the trustee on behalf of the trustee and the estate.

In its supplemental filing, the City cites numerous cases from other jurisdictions holding that the obligation to defend a lawsuit in bankruptcy did not confer standing to challenge an order granting derivative authority to the creditor bringing suit on behalf of the estate.

In response to that supplemental filing by the City, Ms. Dass and Ms. Wilson argue in their supplemental response that the harm to them does not arise from the costs they incur in defending themselves in any avoidance actions brought by the City on behalf of the estate, instead it arises from the uncertainty regarding whether the City has properly been given authority to act derivatively on behalf of the estate.

But it is the court's understanding from prior hearings and testimony from the trustee that the trustee will, in fact, actively participate in decision-making with respect to any derivative lawsuits filed by the City, including who should be sued, which cases should be tried and which cases should be settled.

As a result, because the trustee will be participating in the decision-making process underlying any adversary proceedings that may be brought, the court concludes that the new argument raised by Ms. Dass and Ms. Wilson is without merit, and the court agrees with the logic of the cases cited by the City.

The final standing argument raised by Ms. Dass and Ms. Wilson is that this court lacks jurisdiction to address the standing issue once the notice of appeal has been filed. But it appears to the court that that argument is contrary to the position Ms. Dass and Ms. Wilson took when the first hearing was held on their motion for stay.

At that hearing, in response to the court's question whether the notice of appeal robbed this court of jurisdiction to proceed, Ms.

Dass and Ms. Wilson took the position that it did not.

In addition, the court agrees with the City that the appeal filed by Ms. Dass and Ms. Wilson is an interlocutory appeal, not a final appeal; that is, nothing in the court's derivative authority order reaches any final determination regarding liability for any party in any prospective avoidance action. All it does is establish a procedure for moving forward with those lawsuits.

That order, in the court's opinion, is clearly interlocutory, not final. And, in addition, Ms. Dass and Ms. Wilson admit that they have not yet filed a motion to permit an interlocutory appeal either with this court or the District Court.

Under all of these circumstances, the court concludes that it possesses the requisite jurisdiction to address the standing issue, and the court finds that Ms. Dass and Ms. Wilson do lack the requisite standing to pursue this appeal.

Notwithstanding this conclusion, the court concludes that the motion filed by Ms. Dass and Ms. Wilson would be denied even if they had standing to take the appeal because the court

is of the opinion they cannot meet the four-part test for imposition of a stay pending appeal.

First, turning to the moving parties' likelihood-of-success-on-the-merits factor, the court finds that this factor does not weigh in favor of Ms. Dass and Ms. Wilson.

They state that the Seventh Circuit has permitted derivative standing "only when the trustee has failed to honor the creditor's priority and 'unjustifiably refused' to bring an action to enforce a claim of a creditor." In re: USA Baby, Inc., 424 F.Appx. 558, citing Fogel v. Zell, 221 F.3d 955, at 965-66.

While this quote from that case in this circuit is certainly correct, the court is of the opinion that it only applies in situations where a trustee has, in the words of that court, unjustifiably refused to bring an action.

This court is of the opinion that the Seventh Circuit has not addressed the situation whether a trustee and creditor have consented to derivative standing, and the trustee has refused to bring an action on her own, not for reasons that are unjustified, but simply because there is no money in the estate for her to prosecute such an action, and,

therefore, her refusal is not unjustified; it is justified by lack of funds.

This court is of the opinion that by so ruling, it is not ignoring the Seventh Circuit's precedent. It is simply addressing a gap that has not yet been addressed in the controlling case law of this circuit.

To repeat, there is no unjustifiable refusal here by the trustee. The court admits that. That's clearly the case. Her refusal was due to the fact that there is no money in the estate to pursue causes of action on her own. That makes her refusal justified, not unjustified.

The City has offered to step up and pursue those actions hand in glove with the trustee, because she will continue to participate.

So, in light of all of these circumstances, the court granted derivative standing to the City of Chicago. This court did not ignore or disregard the Seventh Circuit unequivocal precedent that existed.

Therefore, this court finds and concludes that Ms. Dass and Ms. Wilson have not shown a strong likelihood of success on the merits.

Second, with respect to the

irreparable harm factor, Ms. Dass and Ms. Wilson have not shown that they will suffer irreparable harm from the derivative standing order. They will simply be required to defend themselves in any prospective cause of action brought by the City and the trustee against them. Defending a lawsuit does not equate with irreparable harm, in this court's opinion.

Finally, with respect to the public interest -- and by the way, I agree with the logic of all the cases cited by the City in its supplemental brief, and I would incorporate those by reference into this opinion.

Finally, with respect to the public-interest factor, the court finds that factor weighs in favor of denying the stay pending appeal; that is, if the court were to grant a stay, then the City would not be allowed to pursue any avoidance actions on behalf of the estate while that is going on.

Section 546 only provides for a one-year period to pursue most avoidance actions. An appeal before the District Court could very well exceed the one-year time frame for bringing avoidance actions and effectively moot the filing of most of

those causes of action.

If the City is not able to bring those actions, the trustee has stated that she does not have the funds to pursue them, and in the court's opinion, justice would not be served by staying the derivative standing order.

And even if some of those causes of action were not time barred, the inability of the City to bring those actions would let potential avoidance -- I'm going to call them wrongdoers, but I'm referring to defendants in avoidance actions.

I don't mean any disrespect or any conclusions about if they have evil intent or that sort of thing, because certain avoidance actions don't require intent. So I was just using -- I'm using wrongdoers just as a shorthand way to refer to future defendants in avoidance actions.

But, at any rate, it would let those wrongdoers off the hook and would prevent money from being brought into the estate.

I'll remind everybody what I know they already know, that despite the best efforts to sell the over 800 decrepit properties on the South Side, there are still over 500 of those

properties remaining to be sold. They will need some sort of money coming in to facilitate the efforts to sell those properties.

And the City has many fines and has expended a lot of money to help clean up those properties. And if this derivative order were stayed, it could very well bring an end to all of that.

For all of these reasons, the court denies the motion for stay pending appeal.

Now, having said all of that, it is, of course, true that Ms. Dass and Ms. Wilson are, of course, entitled under Rule 8007(b) to file a motion before the District Court to stay the derivative standing order.

That concludes my opinion, and my opinion will be an oral opinion. Since I will be retiring at the end of the day on Friday, I would like to have done a written opinion, but the oral opinion will have to suffice because just my time is limited in these last few days.

Do any of the parties present have any questions or anything else they wish to say on any of these issues?

So, Mr. Bach, let me start with

you.

MR. BACH: Only I appreciate your ruling, and I appreciate your service for the last 14 years.

THE COURT: Thank you.

MR. BACH: I've appeared before you many times, and you always give very explanatory rulings, and I appreciate it.

THE COURT: Thank you so much.

Mr. Holtkamp.

MR. HOLTKAMP: Nothing more, Your Honor, just that it's been a pleasure appearing in front of you.

THE COURT: Thank you so much.

All right. Ms. Holtschlag.

MS. HOLTSCHLAG: Thank you, Your Honor.

Thank you for the ruling and congratulations on your retirement.

THE COURT: All right. Thank you so much.

I think that does -- let me just double-check. I think that concludes this case.

(Brief pause.)

THE COURT: Yes, I think that's

everything we need for this.

Okay. Best of luck going forward.

MS. HOLTSCHLAG: Thank you.

MR. BACH: Thank you.

MR. HOLTKAMP: Thank you.

(Which were all the proceedings had in the above-entitled cause, January 13, 2026, 10:00 a.m.)

I, AMY B. DOOLIN, CSR, RPR, DO HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND ACCURATE TRANSCRIPT OF PROCEEDINGS HAD IN THE ABOVE-ENTITLED CAUSE. /S/